FILED
JUN 16 2017



UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ARTIE PAWNEE LEGGINS,<br><br>    Plaintiff,<br><br>vs.<br><br>SALLY BOYD, (Special Security Officer);<br>LEVI HOLDFELT, (Special Security Officer),<br><br>    Defendants. | 4:16-CV-04148-LLP<br><br>ORDER DENYING<br>MOTION TO AMEND |

Plaintiff, Artie Pawnee Leggins, is an inmate at the South Dakota State Penitentiary in Sioux Falls. He filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983. Docket 1. The Court screened Leggins' complaint, dismissed all of the defendants other than Sally Boyd and Levi Holdfelt, and ordered service upon those two defendants. Docket 6. Leggins now moves to amend his complaint. Docket 22.

Within 21 days after serving a complaint, a plaintiff may amend the complaint once as a matter of course. Fed. R. Civ. P. 15(a). Leggins has not served his complaint. However, Leggins did not follow the local rules which state that "any party moving to amend a pleading will attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified." D.S.D. Civ. LR 15.1. While civil rights and pro se complaints must be liberally construed,

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004), pro se plaintiffs still must follow the Court's local rules. *See Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (stating that pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or local rules). Here, Leggins' amended complaint concerns different incidences than his original complaint, and it is therefore impossible to tell whether he wishes to continue with the claims in his original complaint.

Leggins is reminded that under § 1915A pro se prisoner complaints must be screened and dismissed if they are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted[.]" Leggins is further reminded that his claims must be brought within the statute of limitations. Because § 1983 does not contain a specific statute of limitations, the United States Supreme Court has instructed courts to apply the analogous state statute of limitations. *Bell v. Fowler*, 99 F.3d 262, 265–66 (8th Cir. 1996) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–68 (1985)). Under South Dakota law, "civil rights actions must be brought within three years after the alleged constitutional deprivation occurred or the action will be barred." *Id.* at 266; SDCL 15-2-15.2. Therefore, claims concerning alleged constitutional violations occurring before June 2, 2014 (from the date of his amended complaint) will be barred.

Accordingly, it is

ORDERED that Leggins' motion to amend (Doc. 22) is denied. If Leggins wishes to file another amended complaint, he must follow the local rules as stated above.

Dated this 16th day of June, 2017.

BY THE COURT:

*Lawrence Piersol* (signature)
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *(signature)*
    Deputy