UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ARTIE PAWNEE LEGGINS,<br><br>Plaintiff,<br><br>vs.<br><br>SALLY BOYD, SPECIAL SECURITY OFFICER AT SPRINGFIELD, SD; IN HER INIDIVIDUAL AND OFFICIAL CAPACITY; AND LEVI HOFELDT, SPECIAL SECURITY OFFICER AT SPRINGFIELD SD; IN HIS INIDIVIDUAL AND OFFICIAL CAPACITY;<br><br>Defendants. | 4:16-CV-04148-LLP<br><br>ORDER DISMISSING CASE |

## INTRODUCTION

Plaintiff Artie Pawnee Leggins filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Defendants now move to dismiss Leggins' claims pursuant to Fed. R. Civ. P. 12(b)(1). Docket 32. Leggins did not resist or respond to defendants' motion. Leggins moves to amend his complaint and requests court appointed counsel. Dockets 27, 28 & 39.

## FACTUAL BACKGROUND

On October 17, 2016, Leggins filed his original complaint. Docket 1. The Court screened Leggins' complaint and found that Leggins stated a First Amendment retaliation claim against Sally Boyd and Levi Hofeldt. Docket 6. Boyd was served May 30, 2018. Docket 31. Defendants contend Hofeldt has not yet been properly served but did file a responsive pleading. *Id.*

After filing earlier lawsuits against Boyd and Hofeldt, Leggins claims that Boyd and Hofeldt retaliated against him by charging him with assaulting an officer, a charge Leggins alleges

was made without evidence. Docket 1 at 6. Leggins concedes that he got into a fight with another inmate and several correctional officers broke up the fight, but he disputes any assault on an officer. *See* Docket 27 at 8. Leggins claims he was not provided written notice of the 5-3 write up dated August 26, 2006 or allowed to defend himself before the disciplinary hearing; he was merely punished. *Id.* at 5. Boyd allegedly told Leggins this was done to teach him a lesson. *Id.* at 6. After the incident, Leggins lost his employment opportunities at the prison and his good time credits have been affected. *Id. Id.* He alleges that he should currently be a "trustee level" prisoner, but because this incident affected his parole eligibility, he is not. *Id.* Leggins alleges that officers continue to make comments and threaten him because they believe he assaulted an officer. *Id.* at 6.

Boyd and Hofeldt have both left their jobs at Mike Durfee State Prison (MDSP). Boyd retired from MDSP on November 8, 2008. Dockets 34 at 2 and 34-1. Hofeldt has not worked at MDSP since May 6, 2010. Dockets 34-2 and 34-2.

## LEGAL STANDARD FOR 12(b)(1) MOTIONS

Jurisdiction is a threshold question that should be decided at the outset of litigation. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). "Plaintiffs have the burden of establishing that jurisdiction exists." *Sisseton–Wahpeton Oyate v. U.S. Dep't of State*, 659 F.Supp.2d 1071, 1077. Because a 12(b)(1) motion challenges the court's power to hear the case, "the trial court is free to weigh the evidence and satisfy itself as to its power to hear the case." *Osborn*, 918 F.2d at 730. An inquiry into the historical facts underlying a jurisdictional challenge based on a statute of limitations is a factual challenge, so " 'no presumptive truthfulness attaches to the plaintiff's allegations.' " *Spirit Lake Tribe v. North Dakota*, 262 F.3d 732 (8th Cir. 2001) (quoting *Osborn*, 918 F.2d at 730). Therefore, the court may consider facts beyond the

allegations of the complaint without converting the 12(b)(1) motion to a motion for summary judgment. *Id.*; *Deuser v. Vecera*, 139 F.3d 1190, 1192 n. 3 (8th Cir. 1998).

## DISCUSSION

### I. Motion to Dismiss

Defendants argue that Leggins' retaliation claim must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Docket 33 at 3. Defendants argue that the statute of limitations on Leggins' retaliation claim has expired so the Court lacks subject matter jurisdiction over the case. *Id.* at 4. Leggins did not respond to defendants' motion.

"The statute of limitations for claims brought under 42 U.S.C. § 1983 is generally the applicable state law period for personal injury torts." *Strandlund v. Hawley*, 532 F.3d 741, 746 (8th Cir. 2008) (citing *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 133, 124 n.5 (2005)). Because 42 U.S.C. § 1983 does not contain a specific statute of limitations, the United States Supreme Court has instructed courts to apply the analogous state statute of limitations. *Bell v. Fowler*, 99 F.3d 262, 265-66 (8th Cir. 1996) (citing *Wilson v. Garcia*, 471 U.S. 261, 266-68 (1985)). Under South Dakota law, "civil rights actions must be brought within three years after the alleged constitutional deprivation occurred or the action will be barred." *Id.* at 266; SDCL 15-2-15.2.

Leggins filed his complaint on October 17, 2016. Docket 1. Thus, his limitations period stretches back to October 17, 2013. Defendants claim that the alleged incident Leggins refers to transpired at least ten years ago. Docket 33 at 6. In support of their claim, defendants demonstrate that Boyd retired from MDSP on November 8, 2008 and Hofeldt left MDSP on May 6, 2010. Docket 34 at 2. Because neither defendant worked at MDSP within the limitations period, Leggins' claims are barred by the statute of limitations. Thus, the court will grant defendants' motion to dismiss.

## II. Motion to Amend

Leggins twice moves to amend his complaint. Dockets 27 and 39. It is well established that "liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Armour v. St. Louis Cty Work*, 2008 WL 619381, *1 (E.D. Mo.) (citing *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). To state a claim under § 1983, Leggins must show that Boyd and Hofeldt "personally violated" his constitutional rights. *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014). Because Boyd and Hofeldt were not employed after October 17, 2013, they could not have "personally violated" Leggins' constitutional rights within the applicable statute of limitations. *Id.* As such, any motion to amend would be futile. *See, e.g., Becker v. University of Neb. At Omaha*, 191 F.3d 904, 907-08 (8th Cir. 1999) ("a motion to amend should be denied on the merits only if it asserts clearly frivolous claims or defenses") (internal punctuation and quotation omitted.). Thus, Leggins motion to amend will be denied.

Accordingly, it is ORDERED

1. Leggins' motions to amend (Docket 27 and 39) are denied.
2. Defendants' motion to dismiss (Docket 32) is granted.
3. Leggins' complaint (Docket 1) is dismissed with prejudice.
4. Leggins' motion to appoint counsel (Docket 28) is denied as moot.

DATED September 17th, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

BY: _____
(SEAL)    DEPUTY